IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY RAYFORD                                                                                            PETITIONER
ADC #102969

v.                                                  5:00-cv-00307-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.  INTRODUCTION AND BACKGROUND

Petitioner Larry Rayford, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this Motion for Relief from Judgment (Doc. No. 48) and Amended Motion for Relief from Judgment (Doc. No. 50) *pro se*. He was convicted by a jury of capital murder and sentenced to life imprisonment without the possibility of parole in the Circuit Court of Ashley County, Arkansas, in 1994. (Doc. No. 13 at 1.) The Arkansas Supreme Court affirmed his conviction in 1996. *Rayford v. State*, 326 Ark. 656, 934 S.W.2d 496 (1996). Mr. Rayford's

petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 was denied, and the Arkansas Supreme Court affirmed the denial in 2000. *Rayford v. State*, No. CR98-1322, 2000 WL 640878 (Ark. May 18, 2000) (unpublished per curiam).

Also in 2000, Mr. Rayford filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court, claiming ineffective assistance of counsel at trial. (Doc. No. 1.) Mr. Rayford claimed his trial counsel was ineffective because (1) he failed to file a motion to suppress Mr. Rayford's custodial statements, and (2) he failed to investigate and interview witnesses at the county jail regarding Mr. Rayford's alleged jailhouse confession. (*Id.*, Doc. No. 13 at 1-2.) The Petition was dismissed on the ground that Mr. Rayford's claims were procedurally defaulted. (Doc. Nos. 13, 15.) Specifically, although Mr. Rayford had presented the claims in the Rule 37 proceedings, the Arkansas Supreme Court found it could not review them on appeal because Mr. Rayford had not properly abstracted the record. (Doc. No. 13 at 2.) *See Rayford*, 2000 WL 640878, at 2. This court found the state court's dismissal of the Rule 37 appeal was based on an adequate and independent state procedural rule and, as Mr. Rayford had not established sufficient cause for the default, the claims were barred. (*Id.* at 4.) *See Harris v. Reed*, 489 U.S. 255, 260-62 (1989) (federal habeas review is barred where a state court judgment rests on a state law ground that is both independent of the merits of the federal claim and an adequate basis for the court's decision). Both this court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability. (Doc. Nos. 19, 21.)

In his pending Motion and Amended Motion for Relief from Judgment, Mr. Rayford seeks to reopen his habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. Nos. 48, 50.) He says the authenticity of the trial record, which was the "source of information" for his ineffective-assistance-of-counsel claims, "can now be reasonably questioned for the first time"

2

because the court reporter has since been convicted of theft. (Doc. No. 50 at 1.) According to Mr. Rayford, the court reporter's subsequent criminal conduct undermined the trial proceedings such that it became impossible for the court to "make a fair merits determination" on his habeas claims. (*Id*. at 2-3.)

II.     ANALYSIS

Pursuant to Rule 60(b)(6), a court may relieve a party from a final judgment for any reason "that justifies relief." More specifically, the rule "is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997) (quoting *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989)). Rule 60(b) vests wide discretion in courts, but the United States Supreme Court has made clear that relief under the catchall provision, Rule 60(b)(6), is available only in extraordinary circumstances. *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. *Id*. at 778. These may include, in an appropriate case, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id*. (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). Importantly, the type of extraordinary circumstances justifying relief under Rule 60(b)(6) "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Mr. Rayford cannot make the requisite showing. He is certainly correct that a court reporter's theft conviction taints his or her credibility and could, under different circumstances, undermine the public's confidence in the judicial process generally. But those circumstances are not present here. Mr. Rayford's contention that the court could not make a fair merits

3

determination of his habeas claims is fatally flawed because there was no merits determination. Instead, the court dismissed the claims as procedurally defaulted based on the state court's refusal to consider them under an independent and adequate state ground.  This was a legal determination made without reference to the trial transcript.  (Doc. No. 13.)  In other words, even assuming the trial transcript was flawed, it would have had no effect whatsoever on the dismissal of Mr. Rayford's Petition for Writ of Habeas Corpus.

Mr. Rayford suggests defects in the trial transcript might have precluded a fair determination of a claim he raised in an earlier Rule 60(b)(6) Motion.  (Doc. No. 50 at 1-2.)  In 2013, Mr. Rayford filed a Motion for Relief from Judgment on the basis of *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013).  (Doc. No. 24.)  This court denied the Motion, finding the change in law brought about by *Martinez* and *Trevino* was not an extraordinary circumstance justifying relief under Rule 60(b)(6).  (Doc. No. 30.)  In particular, the court found certain equitable factors failed to support relief and, in addition, Mr. Rayford had failed to meet his burden of demonstrating that his underlying ineffective-assistance-of-counsel claims were substantial – a requirement under *Martinez*.  (*Id*.)  While the court did consider the merits of Mr. Rayford's ineffective-assistance claims in resolving the 2013 Motion, it did not consult the trial transcript in doing so.  Instead, the court summarized the facts as stated in the Arkansas Supreme Court's opinion and found (1) Mr. Rayford had not shown any reason to believe that a motion to suppress his custodial statements on the ground that his arrest was without probable cause would have been granted, and (2) any additional testimony Mr. Rayford said should have been presented to dispute the testimony of the jailhouse informant would have been cumulative.[1]  (*Id*. at 9-11.)

---

[1] Following the denial of the 2013 Motion, both this court and the Eighth Circuit denied a certificate of appealability.  (Doc. Nos. 35, 44.)

4

Mr. Rayford's suggestion that these findings are now subject to doubt based on a remote possibility of error in the trial transcript is not well taken.

In short, Mr. Rayford has not met the high burden of demonstrating exceptional circumstances warranting relief under Rule 60(b)(6). Neither the Petition for Writ of Habeas Corpus nor the 2013 Motion for Relief from Judgment should be reopened.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The certificate requirement applies to an appeal from the denial of a Rule 60(b) motion seeking to reopen a habeas case. *See U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Rayford's Motion and Amended Motion for Relief from Judgment (Doc. Nos. 48, 50) be DENIED.

2. No certificate of appealability be issued.

DATED this 23rd day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE